

**IT IS SO ORDERED.**
**Signed June 24, 2015**

_Arthur S. Weissbrodt_
**Arthur S. Weissbrodt**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>ANDREW CURTIS WRIGHT,<br><br>           Debtor. | Case No. 14-51560-ASW<br><br>Chapter 7 |
| BUSTAMANTE & GAGLIASSO, P.C.,<br>THE LAW FIRM OF KALLIS &<br>ASSOCIATES, P.C.,<br><br>           Plaintiffs,<br><br>v.<br><br>ANDREW CURTIS WRIGHT,<br><br>           Defendant. | Adv. Pro. No. 14-05072-ASW<br><br>Hrg. Date: April 24, 2015<br>Hrg. Time: 3:30 p.m. |

**MEMORANDUM DECISION RE: PLAINTIFFS' MOTION**
**FOR JUDGMENT ON THE PLEADINGS**

    Before the Court is the motion of Plaintiffs Bustamante & Gagliasso and Kallis & Associates for judgment on the pleadings under Fed. R. Civ. P. 12(c), applicable in bankruptcy via Fed. R. Bankr. P. 7012. Plaintiffs, who are represented by attorneys M. Jeffery Kallis and Steven M. Berki, seek a judgment of nondischargeability against Defendant Andrew Curtis Wright under § 523(a)(6) with respect to attorney's fees awarded by the United

States District Court for the Northern District of California in connection with litigation between Plaintiffs' client, Joseph Padgett, and Defendant ("District Court Case"). Defendant is pro se and opposes the motion. For the reasons explained below, Plaintiffs' motion is granted.

This adversary proceeding is related to adversary proceeding no. 14-5073-ASW, <u>Joseph Padgett v. Andrew Curtis Wright</u>. Mr. Padgett filed that adversary proceeding seeking a judgment of nondischargeability under § 523(a)(6) of the judgment obtained by Mr. Padgett in the District Court Case in June 2009, and affirmed by the Ninth Circuit Court of Appeals in February 2013.

Plaintiffs in this adversary proceeding represented Mr. Padgett in the District Court litigation. On January 10, 2014, the District Court (Judge Edward J. Davila) entered an order denying Plaintiff's Request for Attorney's Fees and Costs. That order provides, in relevant part:

> The court held a Status Conference on October 11, 2013, to address the remanded issues. . . . After reviewing the extensive record in conjunction with the Ninth Circuit's opinion – which in essence requires this court to consider anew the fees and costs issues as it was not privy to the reasons underlying its predecessor's determination – the court determined that (1) Mr. Padgett, now proceeding without counsel, could request fees and costs paid to his prior attorneys, McManis & Faulkner (see <u>Evans v. Jeff D.</u>, 475 U.S. 717, 730-31 (1986)); (2) his most recent attorneys, M. Jeffrey Kallis and Steven M. Berki, could request fees and costs related to their former representation of Mr. Padgett (see <u>United States ex rel. Virani v. Jerry M. Lewis Truck Parts & Equip.</u>, 89 F.3d 574, 578-79 (9th Cir. 1996)), and (3) Defendants could requests costs pursuant to the remand. Thus, in an effort to have the issues properly raised before the undersigned, the court ordered all interested parties – Mr. Padgett, Mr. Kallis and Mr. Berki, and Defendants – to file new motions addressing their respective fees and costs requests on or before December 13, 2013. . . .

2

> Mr. Kallis and Mr. Berki filed a Motion for Attorney's Fees and Costs by the deadline imposed by the court. . . . As did Defendants. . . . Mr. Padgett, however, did not. Nor did he request relief from the motion deadline.
>
> By failing to file a timely motion, Mr. Padgett forfeited his ability to seek fees and costs on his own behalf, inasmuch as a party who fails to comply with a court order faces the dismissal of his or her action. See Fed. R. Civ. P. 41(b); Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004). Indeed, the court cannot proceed on his request without the information necessary to properly consider it. Accordingly, Mr. Padgett's request for fees and costs, to the extent sought, is DENIED.

Judge Davila subsequently denied Mr. Padgett's request for leave to file a motion for reconsideration of the January 10, 2014 order.

Defendant filed for relief under chapter 7 on April 10, 2014. Plaintiffs timely filed this adversary proceeding on July 18, 2014, seeking a determination of nondischargeability under § 523(a)(6) of the attorney's fees awarded by the District Court. At the time the adversary proceeding was filed, the total amount of attorney's fees had not yet been finally determined.

On January 16, 2015, this Court orally ruled that the proper amount of attorney's fees to be awarded in connection with the District Court Case should be determined by the District Court. On March 31, 2015, the District Court entered an order granting in part and denying in part the fees and costs requested by the Plaintiffs in this proceeding, Kallis & Associates and Bustamante & Gagliasso, P.C.,.[1] In a written order entered March 31, 2015, the

---

[1] The Bustamante firm is referred to in the District Court's order as Bustamante O'Hara & Gagliasso.

District Court awarded a total of $471,056.64 plus post-judgment interest, and litigation costs of $100,000.[2]

If the underlying judgment is nondischargeable, the related attorney's fees and costs are also nondischargeable. <u>Cohen v. De la Cruz</u>, 523 U.S. 213 (1998) (holding that all debt arising from fraud is excepted from discharge under § 523(a)(2)(A), including treble damages, attorney's fees, and costs); <u>In re Suarez</u>, 400 B.R. 732, 738 (9th Cir. BAP 2009), <u>aff'd</u>, 529 Fed. Appx. 832 (9th Cir. 2013) (holding that, under <u>Cohen</u>, attorney's fees and costs awarded to a judgment creditor in relation to a debtor's willful and malicious conduct constitute a nondischargeable debt under § 523(a)(6)).

Plaintiffs seek judgment on the pleadings on the § 523(a)(6) claim, based on the preclusive effect of the District Court judgment. Mr. Padgett contends that the motion is moot on the grounds that the District Court erred in ruling in its January 10, 2014 order that the right to attorney's fees vested in Plaintiffs. The District Court relied on <u>United States ex rel. Virani v. Jerry M. Lewis Truck Parts & Equip.</u>, 89 F.3d 574, 578-79 (9th Cir. 1996). Mr. Padgett points out that in <u>Gilbrook v. City of Westminster</u>, 177 F.3d 839, 874-75 (9th Cir. 1999), the Ninth Circuit Court of Appeals distinguished <u>Viriani</u> in the context of a fee award in an action under 42 U.S.C. § 1988, holding that, "[i]n the absence of a contractual assignment to counsel, § 1988 requires that attorney fee awards be made directly to the prevailing party, with the ultimate disposition of the award dependent on the contract between the lawyer and the client." <u>Gilbrook</u>, 177 F.3d at 875.

---

[2]The order does not delineate how much is to be awarded to each law firm; however, to the extent there is any dispute, the District Court would be the proper forum for resolution.

Even if Judge Davila's ruling was incorrect, this Court has no jurisdiction to revisit it. If Mr. Padgett wishes to dispute that ruling, he must do so in the District Court.

In the related adversary proceeding, <u>Joseph Padgett v. Andrew Curtis Wright</u> (AP #14-5073) this Court has ruled that the judgment obtained by Mr. Padgett is nondischargeable under § 523(a)(6). Therefore, the attorney's fees and costs awarded to Plaintiffs by the District Court are also nondischargeable under the authorities cited above.

Plaintiffs' motion is granted. Counsel for Plaintiffs may submit a proposed form of order.

**\*\*\* END OF MEMORANDUM DECISION \*\*\***

**Court Service List**

Andrew Curtis Wright
P.O. Box 1651
Los Gatos, CA 95031

Jeffrey Kallis
Steven M. Berki
Counsel for Plaintiffs
TO BE SERVED ELECTRONICALLY